UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY SOLVEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAVITHA SUNKARA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00682-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(Doc. 3)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br><u>Clerk of Court to Assign District Judge</u> |

　　　　Plaintiff Stanley Solvey is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. On May 4, 2023, Plaintiff filed the instant motion for a temporary restraining order (TRO) and preliminary injunction. (Doc. 3.) By separate order, the Court has screened Plaintiff's complaint, finding it stated a cognizable medical indifference claim against Defendant Sunkara only but failed to state any other claims against Defendant Sunkara and the other defendants. The Court granted Plaintiff thirty days to file an amended complaint. Because this case lacks an operative complaint and Defendants have not been served, this Court does not presently have personal jurisdiction over Defendants or subject matter jurisdiction over this action.

**I.　　BACKGROUND**

　　　　Plaintiff is an insulin-dependent diabetic. (Doc. 1 at 8.) Plaintiff was previously housed at

1    Kern Valley State Prison ("KVSP"), where Plaintiff saw Dr. Eisenbud, an endocrinologist
2    specializing in diabetes. (*Id.* at 9.) Dr. Eisenbud diagnosed Plaintiff with insulin resistance that
3    required a non-insulin medication, and upon Dr. Eisenbud's recommendation, the CDCR doctor
4    prescribed Victoza non-insulin injections. Victoza was effective at controlling Plaintiff's
5    diabetes. Plaintiff also suffers from peripheral neuropathy and extreme pain in his feet. (*Id.* at
6    10.)
7         When Plaintiff was transferred to California State Prison – Corcoran ("Corcoran") in
8    2021, he was evaluated by Dr. Sunkara. (*Id.* at 11.) On July 10, 2021, blood tests revealed
9    Plaintiff's A1C at 5.9, an "optimal" level and no pain. Dr. Sunkara discontinued Victoza without
10   consulting Plaintiff. (*Id.*) Although Plaintiff explained he wanted to wean himself off Lyrica for
11   his neuropathy, Dr. Sunkara increased Plaintiff's dosage of Lyrica. (*Id.* at 12.)
12        On September 21, 2021, Plaintiff filed a CDCR Form 602-HC medical grievance against
13   Dr. Sunkara for intentional infliction of cruel and unusual punishment, deliberate indifference,
14   and conscious disregard for Plaintiff's serious medical condition. (*Id.* at 11.) As part of Plaintiff's
15   administrative review, RN Vasquez interviewed Plaintiff, and McDaniel and Gates denied
16   Plaintiff's appeals.
17        In the instant motion for a TRO and preliminary injunction, Plaintiff seeks injunctive
18   relief restoring the *status quo* with his earlier prescription for Lanus insulin to control his blood
19   sugar levels and diabetic symptoms; enjoining Defendants from further interference with the
20   specialist's medication recommendation; referring Plaintiff to a gastroenterologist to treat
21   stomach issues; and provide arm straps to relieve tension.
22   **II.    DISCUSSION**
23        **A.    Jurisdiction and Rule 65**
24        "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*
25   *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). The Court's jurisdiction
26   is limited to the parties in this action and to the viable legal claims upon which this action is
27   proceeding. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009). It may issue preliminary
28   injunctive relief only if personal jurisdiction over the parties and subject matter jurisdiction over

the lawsuit have been established. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Under Rule 65, an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)–(C). The movant must also give "notice to the adverse party" before the Court can issue injunctive relief. *Id.* at 65(a). A putative defendant "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend." *Murphy Bros.*, 526 U.S. at 350. The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summer*, 555 U.S. at 491–93 (2009).

The Court has concurrently issued a screening order finding a single, cognizable claim for Eighth Amendment medical indifference against Dr. Sunkara and granting Plaintiff thirty days to respond to the order. Therefore, at this early stage of the proceedings, this case lacks an operative complaint that can be served on Defendants. Without an operative complaint and service on Defendants, there is no case or controversy before the Court, *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983), and Plaintiff's motion for a preliminary injunction is premature.

**B.     Nexus**

The injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). In other words, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.* at 636 (adopting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a nexus between the injury claimed in the motion and the underlying complaint, the Court lacks the authority to grant Plaintiff injunctive relief. *Id.* A preliminary injunction only is appropriate when it grants relief of the same nature as that to be finally granted. *Id.* (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

Plaintiff's complaint relates only to his treatment for diabetes and neuropathic pain in his feet. Plaintiff's instant request for a TRO and injunction must be related to these issues. To the

1 extent that Plaintiff seeks injunctive relief concerning his stomach and arms, the request lacks the
2 appropriate nexus to Plaintiff's complaint.

3       **C.**      ***Winter* Factors**

4       Even if the motion were properly before the Court, Plaintiff's request for a TRO and
5 preliminary injunction must be denied on the merits. A preliminary injunction may issue only if
6 the movant establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm
7 in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that
8 an injunction is in the public interest. *Winter*, 555 U.S. at 20. The movant bears the burden of
9 satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir.
10 2011).

11       With respect to assessing the likelihood that Plaintiff will succeed on the merits of his
12 claim, presently, the Court has nothing more before it than the allegations set forth in the
13 complaint. As set forth in the Court's screening order, "[d]eliberate indifference is a high legal
14 standard." *Toguchi v. Chung,* 391 F.3d 1051, 1060 (9th Cir. 2004). To demonstrate deliberate
15 indifference, a plaintiff must show that the course of treatment taken is "medically unacceptable
16 under the circumstances and that the defendants chose this course in conscious disregard of an
17 excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir.
18 2016) (citations and punctuation omitted). Moreover, the indifference must be "substantial."
19 *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980). Of particular relevance to the
20 Court's analysis of Plaintiff's claim here, under the Eighth Amendment, differences of opinion
21 between a physician and an inmate, or between medical professionals, concerning appropriate
22 medical care does not rise to deliberate indifference. *Hamby*, 821 F.3d at 1092.

23       Plaintiff's allegations asserting the discontinuation of Victoza was medically
24 unacceptable under the circumstances were sufficient to state a claim; however, given the high
25 legal standard at issue, without evidence, the Court cannot conclude that Plaintiff is likely to
26 prevail on the merits. *See Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799
27 F.2d 547, 551 (9th Cir. 1986) (in deciding whether to issue a preliminary injunction, the Court
28 "is not bound to decide doubtful and difficult questions of law or disputed questions of fact.")

(*quoting Dymo Industries, Inc. v. Tapewriter, Inc*., 326 F.2d 141, 143 (9th Cir. 1964)). Similarly, because the record is unclear what medications Plaintiff is currently taking and whether the medications are effective to treat Plaintiff's conditions, the Court is unable to determine Plaintiff's likelihood of irreparable harm in the absence of immediate, injunctive relief.

### III.   CONCLUSION

The Court DIRECTS the Clerk of Court to randomly assign a district judge to this action.

For the foregoing reasons, it is hereby RECOMMENDED that the Court DENY Plaintiff's motion for a TRO and preliminary injunction. (Doc. 3.)

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these Findings and Recommendations, a party may file written objections with the Court. The document should be titled, "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 2, 2023**                                          _____
                                                                                         UNITED STATES MAGISTRATE JUDGE