UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STANLEY H. SOLVEY,

           Plaintiff,

    v.

SAVITHA SUNKARA, et al.,

           Defendants.

Case No.: 1:23-cv-00682-KES-CDB (PC)

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT AS PREMATURE**

(Doc. 25)

Plaintiff Stanley H. Solvey is proceeding pro se and *in forma pauperis* in this civil rights action.

## I.    RELEVANT BACKGROUND

On October 23, 2025, the Court issued its Order Finding Service Appropriate, directing that service be effected on Savitha Sunkara, a physician at California State Prison, Corcoran, and the sole defendant in this action. (Doc. 22.) That same date, the Clerk of the Court issued a summons. (Doc. 23.)

On December 2, 2025, the California Department of Corrections and Rehabilitation (CDCR) filed a notice of intent not to waive personal service on behalf of Sunkara, providing a last known address of Management Solution, LLC in Long Beach, California. (Doc. 24 [sealed].)

On May 15, 2026, Plaintiff filed a document titled "Notice of Motion for Default for Want of Filing an Answer or Otherwise Defend." (Doc. 25.)

## II.    DISCUSSION

Plaintiff "requests the Clerk enter Default, or in the alternative, the court hold a hearing to determine in its discretion whether the elements warranting default are present." (*Id*. at 1.) Plaintiff's motion is supported by his declaration (*id*. at 2), a memorandum of points and authorities (*id*. at 3), and exhibits (*id*. at 4-19).

Plaintiff states he has not yet received an answer from Defendant Sunkara and asks the Court to enter default based on Sunkara's failure to file a timely answer to his complaint. (Doc. 25 at 3.) Recognizing default does not entitle him to a judgment, Plaintiff enumerates the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) and states his complaint "requested $2,100,000. in compensatory damages for pain and suffering." (*Id*.) Plaintiff also states that "the Complaint was stalled in screening for 30 months from 5-4-2023 to 10-22-2025, which in itself is Prejudicial delay, now this Default in Answering Complaint, has further prejudiced Plaintiff." (*Id*.)

A clerk's entry of default is not warranted here. Significantly, Sunkara has not yet been served with Plaintiff's complaint. Therefore, Sunkara has not yet been notified this action is pending and has thus not been ordered to respond.

As noted in the October 23, 2025, Order, service is to be effected under the Court's e-service pilot program. (Doc. 22 at 2.) That program provides that when CDCR is unable to effectuate service, the matter is referred to the United States Marshal (USM) for service. (*Id*.) Here, when CDCR filed its notice of intent not to waive service on behalf of Sunkara, the Clerk of the Court emailed the service documents to the USM on December 2, 2025. And while a service deadline of March 2, 2026, is reflected on the docket for this action, the USM has been unable to effect service of Defendant Sunkara as of today's date.

Recent staffing changes at the USM, including the loss of a contracted position assigned to assist with service of process, resulted in the December 2, 2025, service documents being inadvertently overlooked. When the March 2, 2026, deadline passed without a response from the USM, the Court re-sent the service documents to the USM on March 10, 2026.[1]

---

[1] The undersigned is aware that the docket for this action does not reflect any action dated March 10, 2026, and thus,

The Court recently was advised by a USM contract employee that the service documents have been provided to the USM Los Angeles office for personal service on Management Solutions in Long Beach. The Court will continue to monitor service efforts in this action but anticipates service efforts will conclude shortly. Only after Sunkara's employer, Management Solutions, has been served with the summons and complaint will Sunkara be obligated to file a responsive pleading in this action.

Lastly, while the Court understands Plaintiff's frustration concerning delays in this action, as Plaintiff was advised on May 5, 2023, screening is required pursuant to 28 U.S.C. section 1915(A)(a). (*See* Doc. 5 at 3.) Further, as Plaintiff was also advised, this Court "has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable." (*Id.*) The delay Plaintiff has experienced concerning screening is, unfortunately, not unusual. This Court is one of the busiest district courts in the nation and all judges carry heavy caseloads. Lastly, the Court notes that it appears the recent staffing changes at the USM resulted in an oversight as the Court learned the service documents forwarded in December 2025 were overlooked. Until those documents were re-sent in March 2026, further delay, unfortunately, occurred. Nevertheless, the delay was not intentional and the Court has undertaken efforts to ensure service of process is effected through its e-service pilot program.

In sum, Plaintiff is not entitled to entry of default on this record. Defendant Sunkara has not yet been served with the summons and complaint. The Court will continue to monitor service efforts and anticipates the USM will notify the Court once service has been attempted and/or effected.

//

//

//

//

---

it is also aware that the copy of the docket provided to Plaintiff in April 2026, following his March request, does not include such a notation. Nevertheless, chambers staff communicated with staff in the Clerk's office to ensure efforts to effect service under the Court's e-service pilot program would proceed.

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons stated above, Plaintiff's motion for default (Doc. 25) is **DENIED** as premature.

IT IS SO ORDERED.

Dated:   **May 26, 2026**

_____
UNITED STATES MAGISTRATE JUDGE